UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

NEEDHAM & COMPANY, LLC,

                            Plaintiff,

       -against-

ACCESS STAFFING, LLC, STEVE WEBER, MICHAEL
WEINSTEIN, JOSEPH TURANO, and GLEN
ALBANESE,

                         Defendants.

-----------------------------------------------------------------------X

: Case No.: 15-CV-02487
: (NRB)
:
: **THE ACCESS STAFFING**
: **DEFENDANTS' ANSWER**
: **AND COUNTERCLAIMS**

Defendants Access Staffing, LLC ("Access" or "Access Staffing"), Steve Weber ("Weber") and Michael Weinstein ("Weinstein," and, with Access and Weber, "the Access Staffing defendants"), by their undersigned attorneys, for their answer to the amended complaint (the "Complaint") and for defendant Access's counterclaims against plaintiff Needham & Company, LLC ("Needham"), allege as follows:

1.      Deny the allegations as stated in paragraph 1 of the Complaint, except admit that Weber and Weinstein were members of Access, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's motivation in bringing this action.

2.      Deny the allegations of paragraph 2 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's internal investigation or when Needham detected the alleged scheme.

3.      Paragraph 3 of the Complaint includes legal conclusions to which no answer is required.  To the extent a response is required, the Access Staffing defendants deny the allegations.

4.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, on that basis, deny said allegations.

5.      Deny the allegations of paragraph 5 of the Complaint, except admit that defendant Access Staffing is a New York limited liability company with its principal place of business at 360 Lexington Avenue, New York, New York 10017, and that defendants Weber and Weinstein are members of the company.

6.      Deny the allegations of paragraph 6 of the Complaint, except admit that defendant Weber is a member of Access Staffing.

7.      Deny the allegations of paragraph 7 of the Complaint, except admit that defendant Weinstein is an individual residing in Woodbury, Nassau County, New York, and is a member of Access Staffing.

8.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, on that basis, deny said allegations.

9.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, on that basis, deny said allegations.

10.     Paragraph 10 of the Complaint includes legal conclusions to which no answer is required.  To the extent an answer is required, the Access Staffing defendants deny the allegations.

11.     Paragraph 11 of the Complaint includes legal conclusions to which no answer is required.  To the extent an answer is required, the Access Staffing defendants deny the allegations.

12.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, on that basis, deny said allegations.

13.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, on that basis, deny said allegations.

14.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, deny said allegations.

15.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, on that basis, deny said allegations.

16.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, on that basis, deny said allegations.

17.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, on that basis, deny said allegations.

18.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, on that basis, deny said allegations.

19.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, on that basis, deny said allegations.

20.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, on that basis, deny said allegations.

21.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, on that basis, deny said allegations.

22.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, on that basis, deny said allegations.

23.     Admit the allegations of paragraph 23 of the Complaint.

24.     Deny the allegations as stated in paragraph 24 of the Complaint, except admit that Access Personnel Corp., a New York business corporation, was formed in 1986 and dissolved in or around 2006, and that Weber and Weinstein had interests in that company.

25.     Deny the allegations as stated in paragraph 25 of the Complaint, except admit that Access Temporaries, Inc., a New York business corporation, was formed in 1991 and dissolved in or around 2006, and that Weber and Weinstein had interests in that company.

26.     Deny the allegations as stated in paragraph 26 of the Complaint, except admit that Access Staffing was formed in 2004 and that Weber and Weinstein are members of that business entity.

27.     Deny the allegations as stated in paragraph 27 of the Complaint, except admit that Access Staffing remains in business today.

28.     Deny the allegations as stated in paragraph 28 of the Complaint, except admit that Access Staffing, Access Personnel Corp. and Access Temporaries, Inc. (collectively referred to as the "Access Entities") were paid staffing fees by Needham both prior to and after Turano was hired to run plaintiff's human resources function and that no contract was ever signed by Needham or the Access Entities relating to the staffing services provided by the Access Entities, but that oral agreements concerning these matters did exist between plaintiff and the Access Entities.

29.     Deny that both Weber and Weinstein functioned as Needham's main points of contact at each of the Access Entities, and respectfully refer to the Court the determination of the substance, accuracy, genuineness, construction, interpretation, purport, application and legal effect of any document, agreement, law, act, transaction, occurrence, omission, statement or conclusion referred to in paragraph 29 of the Complaint.

30.     Deny the allegations of paragraph 30 of the Complaint.

31.     Deny the allegations of paragraph 31 of the Complaint, except deny having any knowledge or information as to what the review described therein revealed, and respectfully refer to the Court the determination of the substance, accuracy, genuineness, construction, interpretation, purport, application and legal effect of any document, agreement, law, act, transaction, occurrence, omission, statement or conclusion referred to therein.

32.     Deny the allegations of paragraph 32 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Needham's internal policies.

33.     Deny the allegations of paragraph 33 of the Complaint.

34.     Deny the allegations of paragraph 34 of the Complaint.

35.     Deny the allegations as stated in paragraph 35 of the Complaint.

36.     Deny the allegations of paragraph 36 of the Complaint, and respectfully refer to the Court the determination of the substance, accuracy, genuineness, construction, interpretation, purport, application and legal effect of any document, agreement, law, act, transaction, occurrence, omission, statement or conclusion referred to therein.

37.     Deny the allegations of paragraph 37 of the Complaint, and respectfully refer to the Court the determination of the substance, accuracy, genuineness, construction, interpretation, purport, application and legal effect of any document, agreement, law, act, transaction, occurrence, omission, statement or conclusion referred to therein.

38.     With respect to the allegations of paragraph 38 of the Complaint, the Access Staffing defendants respond as follows:

      a.     Deny the allegations of sub-part (a).

b.    Deny the allegations of sub-part (b).

c.    Deny that any invoice was false and intended to defraud, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of sub-part (c).

d.    Deny that any invoice was false and intended to defraud, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of sub-part (d).

e.    Deny that any invoice was false and intended to defraud, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of sub-part (e).

f.    Deny that any invoice was false and intended to defraud, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of sub-part (f).

g.    Deny the allegations of sub-part (g).

h.    Deny the allegations of sub-part (h).

39.    Deny the allegations of paragraph 39 of the Complaint and respectfully refer to the Court the determination of the substance, accuracy, genuineness, construction, interpretation, purport, application and legal effect of any document, agreement, law, act, transaction, occurrence, omission, statement or conclusion referred to therein.

40.    Deny the allegations of paragraph 40 of the Complaint and respectfully refer to the Court the determination of the substance, accuracy, genuineness, construction, interpretation, purport, application and legal effect of any document, agreement, law, act, transaction, occurrence, omission, statement or conclusion referred to therein.

41.     Deny the allegations of paragraph 41 of the Complaint and respectfully refer to the Court the determination of the substance, accuracy, genuineness, construction, interpretation, purport, application and legal effect of any document, agreement, law, act, transaction, occurrence, omission, statement or conclusion referred to therein.

42.     With respect to the allegations of paragraph 42 of the Complaint, the Access Staffing defendants respond as follows:

    a.      Deny the allegations of sub-part (a).

    b.      Deny the allegations of sub-part (b).

    c.      Deny that any invoice was false and intended to defraud, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of sub-part (c).

    d.      Deny the allegations of sub-part (d).

43.     Deny the allegations of paragraph 43 of the Complaint.

44.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and, on that basis, deny said allegations.

45.     Deny the allegations as stated in paragraph 45 of the Complaint.

46.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint and, on that basis, deny said allegations.

47.     Deny the allegations of paragraph 47 of the Complaint.

48.     Deny the allegations of paragraph 48 of the Complaint.

49.     Deny the allegations of paragraph 49 of the Complaint.

50.     With respect to the allegations of paragraph 50 of the Complaint, the Access Staffing defendants respond as follows:

a.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations of sub-part (a);

b.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations of sub-part (b);

c.   Deny the allegations of sub-part (c);

d.   Deny the allegations of sub-part (d);

e.   Deny that any invoice was false and intended to defraud, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of sub-part (e), except as may be otherwise pleaded herein;

f.   Deny the allegations of sub-part (f);

g.   Deny the allegations of sub-part (g), except respectfully refer to the Court the determination of the substance, accuracy, genuineness, construction, interpretation, purport, application and legal effect of any document, agreement, law, act, transaction, occurrence, omission, statement or conclusion referred to therein;

h.   Deny the allegations of sub-part (h);

i.   Deny the allegations of sub-part (i);

j.   Deny that any invoice was false and intended to defraud, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of sub-part (j), except as may otherwise be pleaded herein; and

k.   Deny the allegations of sub-part (k).

8

51.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and, on that basis, deny said allegations.

52.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and, on that basis, deny said allegations.

53.     Deny the allegations of paragraph 53 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications between Needham's management and Albanese and Turano, and communications between Albanese and Turano.

54.     Deny that from January through March 2011, Mintz Levin and Needham's outside auditors Ernst & Young conducted a thorough and diligent investigation, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54 of the Complaint and, on that basis, deny said allegations.

55.     Deny the allegations of paragraph 55 of the Complaint.

56.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint and, on that basis, deny said allegations.

57.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint and, on that basis, deny said allegations.

58.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint and, on that basis, deny said allegations.

59.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint and, on that basis, deny said allegations.

60.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint and, on that basis, deny said allegations.

61.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint and, on that basis, deny said allegations.

62.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint and, on that basis, deny said allegations.

63.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and, on that basis, deny said allegations.

64.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and, on that basis, deny said allegations.

65.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint and, on that basis, deny said allegations.

66.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint and, on that basis, deny said allegations.

67.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and, on that basis, deny said allegations.

68.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint and, on that basis, deny said allegations.

69.     Deny that any statements were made by defendant Turano to plaintiff to the effect that the services rendered and/or the invoices submitted by Access Staffing to plaintiff were not legitimate, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69 of the Complaint and, on that basis, deny said allegations.

70.     Admit that the services rendered by Access Staffing were legitimate and the amounts charged by Access Staffing were not out of the ordinary, but lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Complaint and, on that basis, deny said allegations.

71.     Admit that the Access Staffing invoices were legitimate, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 of the Complaint and, on that basis, deny said allegations.

72.     Admit that the Access Staffing invoices were legitimate, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 of the Complaint and, on that basis, deny said allegations, and respectfully refer to the Court the determination of the substance, accuracy, genuineness, construction, interpretation, purport, application and legal effect of any document, agreement, law, act, transaction, occurrence, omission, statement or conclusion referred to therein.

73.     Admit that Access Staffing had (and continues to have) a legitimate business presence, served customers other than Needham, and that Needham employees for whom Access Staffing had invoiced Needham had been placed by Access Staffing, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 of the Complaint and, on that basis, deny said allegations.

74.     Admit that Access Staffing did not engage in improper conduct, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 of the Complaint and, on that basis, deny said allegations.

75.     Deny that Mintz Levin completed all necessary investigative steps to conduct a diligent investigation since it failed to, *inter alia*, conduct the most basic step of an investigation, i.e., sending a global email to Needham's employees requesting that they confirm - -  through a simple stroke of the keyboard - - if they were placed by any of the Access Entities, and lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 of the Complaint and, on that basis, deny said allegations.

76.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint and, on that basis, deny said allegations.

77.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint and, on that basis, deny said allegations.

78.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint and, on that basis, deny said allegations.

79.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Complaint and, on that basis, deny said allegations.

80.     Admit that Access Staffing did not commit a fraud, and aver that the remaining allegations of Paragraph 80 of the Complaint include legal conclusions to which no answer is required.  To the extent an answer is required, the Access Staffing defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny said allegations.

81.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint and, on that basis, deny said allegations.

82.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint and, on that basis, deny said allegations.

83.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint and, on that basis, deny said allegations.

84.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Complaint and, on that basis, deny said allegations.

85.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Complaint and, on that basis, deny said allegations.

86.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Complaint and, on that basis, deny said allegations.

87.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Complaint and, on that basis, deny said allegations.

88.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Complaint and, on that basis, deny said allegations.

89.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint and, on that basis, deny said allegations.

90.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Complaint and, on that basis, deny said allegations.

91.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint and, on that basis, deny said allegations.

92.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Complaint and, on that basis, deny said allegations.

93.     Deny the allegations of paragraph 93 of the Complaint insofar as they refer or relate to the Access Staffing defendants, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and, on that basis, deny said allegations.

94.     With respect to the allegations of paragraph 94 of the Complaint, admit that Access Staffing remains in the business of providing staffing services, and deny the remaining allegations.

95.      Repeat and incorporate by reference the responses to the allegations of paragraphs 1 through 94 of the Complaint.

96.      Paragraph 96 of the Complaint includes legal conclusions to which no response is required.  To the extent an answer is required, the Access Staffing defendants deny the allegations.

97.      Deny the allegations of paragraph 97 of the Complaint.

98.      Deny the allegations of paragraph 98 of the Complaint.

99.      Deny the allegations of paragraph 99 of the Complaint.

100.     Deny the allegations of paragraph 100 of the Complaint.

101.     Deny the allegations of paragraph 101 of the Complaint.

102.     Deny the allegations of paragraph 102 of the Complaint.

103.     Deny the allegations of Paragraph 103 of the Complaint.

104.     Deny the allegations of paragraph 104 of the Complaint.

105.     Deny the allegations of paragraph 105 of the Complaint.

106.      Repeat and incorporate by reference the responses to the allegations of paragraphs 1 through 105 of the Complaint.

107.     Deny the allegations of Paragraph 107 of the Complaint.

108.     Deny the allegations of Paragraph 108 of the Complaint.

109.     Deny the allegations of paragraph 109 of the Complaint.

110.     Deny the allegations of paragraph 110 of the Complaint.

111.     Deny the allegations of paragraph 111 of the Complaint.

112.     Deny the allegations of paragraph 112 of the Complaint.

113.     Deny the allegations of paragraph 113 of the Complaint.

114.     Deny the allegations of paragraph 114 of the Complaint.

115.     Deny the allegations of Paragraph 115 of the Complaint.

116.      Deny the allegations of paragraph 116 of the Complaint.

117.     Deny the allegations of paragraph 117 of the Complaint.

118.     Deny the allegations as stated in paragraph 118 of the Complaint.

119.     Deny the allegations of paragraph 119 of the Complaint.

120.     Deny the allegations of paragraph 120 of the Complaint.

121.     Deny the allegations of paragraph 121 of the Complaint.

122.      Aver that no response to the allegations of paragraph 122 of the Complaint is required, as the Third Claim for Relief is not alleged against the Access Staffing defendants.

123.     Aver that no response to the allegations of paragraph 123 of the Complaint is required, as the Third Claim for Relief is not alleged against the Access Staffing defendants.

124.     Aver that no response to the allegations of paragraph 124 of the Complaint is required, as the Third Claim for Relief is not alleged against the Access Staffing defendants.

125.     Aver that no response to the allegations of paragraph 125 of the Complaint is required, as the Third Claim for Relief is not alleged against the Access Staffing defendants.

126.     Aver that no response to the allegations of paragraph 126 of the Complaint is required, as the Third Claim for Relief is not alleged against the Access Staffing defendants.

127.     Repeat and incorporate by reference the responses to the allegations of paragraphs 1 through 126 of the Complaint.

128.     Deny the allegations of paragraph 128 of the Complaint

129.     Deny the allegations of paragraph 129 of the Complaint.

130.    Deny that the referenced invoices were false, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 130 of the Complaint and, on that basis, deny said allegations.

131.    Deny the allegations of paragraph 131 of the Complaint.

132.    Paragraph 132 of the Complaint includes legal conclusions to which no response is required.  To the extent an answer is required, the Access Staffing defendants deny the allegations.

133.    Aver that no response to the allegations of paragraph 133 of the Complaint is required, as the Fifth Claim for Relief is not alleged against the Access Staffing defendants.

134.    Aver that no response to the allegations of paragraph 134 of the Complaint is required, as the Fifth Claim for Relief is not alleged against the Access Staffing defendants.

135.    Aver that no response to the allegations of paragraph 135 of the Complaint is required, as the Fifth Claim for Relief is not alleged against the Access Staffing defendants.

136.    Aver that no response to the allegations of paragraph 136 of the Complaint is required, as the Fifth Claim for Relief is not alleged against the Access Staffing defendants.

137.    Aver that no response to the allegations of paragraph 137 of the Complaint is required, as the Fifth Claim for Relief is not alleged against the Access Staffing defendants.

138.    Aver that no response to the allegations of paragraph 138 of the Complaint is required, as the Fifth Claim for Relief is not alleged against the Access Staffing defendants.

139.    Aver that no response to the allegations of paragraph 139 of the Complaint is required, as the Fifth Claim for Relief is not alleged against the Access Staffing defendants.

140.    Repeat and incorporate by reference the responses to the allegations of paragraphs 1 through 139 of the Complaint.

141.    Deny the allegations of paragraph 141 of the Complaint.

142.    Deny the allegations of paragraph 142 of the Complaint

143.    Deny the allegations of paragraph 143 of the Complaint.

## As a General Denial

144.    The Access Staffing defendants deny the allegations of the Complaint that are not otherwise responded to in this answer.

## Affirmative Defenses

Without in any way admitting any of the allegations of the Complaint, and without admitting or suggesting that they bear the burden of proof on any of the following issues, the Access Staffing defendants allege the following separate and independent affirmative defenses.

## First Affirmative Defense

145.    The Complaint fails to state a claim as to the Access Staffing defendants upon which relief can be granted.

## Second Affirmative Defense

146.    The Access Staffing defendants were neither part of nor operated an associated-in-fact enterprise within the meaning of 18 U.S.C. §1961(4).

## Third Affirmative Defense

147.    The Access Staffing defendants did not engage in a "pattern of racketeering activity" within the meaning of 18 U.S.C. §1961(5).

## Fourth Affirmative Defense

148.    The Access Staffing defendants did not engage in any acts of mail fraud in violation of 18 U.S.C. §1341, or otherwise engage in any "racketeering activity" as defined in 18 U.S.C. §1961(1).

### Fifth Affirmative Defense

149.     Any alleged unlawful activity engaged in by the Access Staffing defendants did not affect interstate or foreign commerce.

### Sixth Affirmative Defense

150.     Any alleged RICO injuries suffered by plaintiff resulted from acts or omissions of persons and/or entities other than the Access Staffing defendants.

### Seventh Affirmative Defense

151.     Any alleged damages suffered by plaintiff are not the direct, proximate and/or foreseeable result of any alleged violations of 18 U.S.C. §1962(c) on the part of the Access Staffing defendants.

### Eighth Affirmative Defense

152.     Defendant Access Staffing is not vicariously liable for any alleged injuries suffered by the plaintiff as a result of any alleged misconduct by defendants Weber and Weinstein.

### Ninth Affirmative Defense

153.     All payments made by plaintiff to the Access Entities were for services actually rendered and, at all material times relevant hereto, were fully authorized and approved by plaintiff.

### Tenth Affirmative Defense

154.     All invoices for staffing services submitted by the Access Entities to plaintiff were legitimate.

### Eleventh Affirmative Defense

155.     All payments made by plaintiff to the Access Entities on any and all invoices submitted by the Access Entities to plaintiff were legitimate and proper.

**Twelfth Affirmative Defense**

156.    No right of payment to the Access Entities by plaintiff was contingent upon plaintiff hiring an employee placed directly by the Access Entities.

**Thirteenth Affirmative Defense**

157.    The Access Entities had an exclusive arrangement with plaintiff whereby the Access Entities were entitled to be paid by plaintiff even if a placement was made with plaintiff through a recruiting firm other than the Access Entities.

**Fourteenth Affirmative Defense**

158.    All payments made to the Access Entities for any purported "contingent search" were legitimate and proper.

**Fifteenth Affirmative Defense**

159.    All payments made by plaintiff to the Access Entities in advance of any purported "growth conference" were legitimate and proper.

**Sixteenth Affirmative Defense**

160.    All alleged "true up" payments made by plaintiff to the Access Entities after any purported "growth conference" were legitimate and proper.

**Seventeenth Affirmative Defense**

161.    All alleged advance payments made by plaintiff to the Access Entities for any alleged "retained search" were legitimate and proper.

**Eighteenth Affirmative Defense**

162.    Any reliance by plaintiff, a sophisticated investment banking and asset management firm, on any alleged false statements of material fact made by any of the Access Entities or Access defendants was neither reasonable nor justified.

19

### Nineteenth Affirmative Defense

163.     The Access Staffing defendants did not cause plaintiff to make payments to the Access Entities on any false invoices.  All payments made by plaintiff to the Access Entities were authorized by and made to the Access Staffing defendants by individuals associated with plaintiff who had the actual and/or apparent authority to approve and make those payments.

### Twentieth Affirmative Defense

164.     Plaintiff's claims are barred by the doctrine of waiver.

### Twenty-first Affirmative Defense

165.     Plaintiff's claims are barred by plaintiff's own unclean hands.

### Twenty-second Affirmative Defense

166.     Plaintiff's claims are barred by the doctrines of laches and equitable estoppel.

### Twenty-third Affirmative Defense

167.     Plaintiff's claims are barred by plaintiff's own bad faith.

### Twenty-fourth Affirmative Defense

168.     Plaintiff's claims are barred by the applicable statutes of limitations.

### Twenty-fifth Affirmative Defense

169.     The Access Staffing defendants at all times acted in good faith.

### Twenty-sixth Affirmative Defense

170.     The claims against the Access Staffing defendants have not been pleaded with sufficient particularity.

### Twenty-seventh Affirmative Defense

171.     The damages allegedly suffered by plaintiff, if any, are due to the negligence, or other acts, omissions, wrongdoings or fault of persons or entities other than the Access Staffing defendants; but in the event that a finding is made that the Access Staffing defendants are liable

to the plaintiff in any respect, the Access Staffing defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the fault, comparative negligence, or other acts or omissions of such persons or entities contributed to those injuries and/or those persons' or entities' percentage of responsibility, and the Access Staffing defendants should be entitled to contribution and indemnification from such person or entity.

### Twenty-eighth Affirmative Defense

172.    The Access Staffing defendants hereby adopt and incorporate by reference any and all other affirmative defenses that are or may be asserted by any of their co-defendants to the extent such defense may be available to the Access Staffing defendants.

### Twenty-ninth Affirmative Defense

173.    Plaintiff's claims are barred to the extent that an agreement and understanding existed between the Access Entities and Needham which required Needham to pay the Access Entities' fees whether or not Needham hired an employee placed directly by the Access Entities.

### Thirtieth Affirmative Defense

174.    Plaintiff's claims are barred on the ground of acquiescence, consent and waiver.

### Thirty-first Affirmative Defense

175.    The Access Staffing defendants did not act with the requisite degree of scienter.

### COUNTERCLAIMS

176.    In December 2010 and January 2011, Access Staffing provided certain staffing services to plaintiff.  In connection with these staffing services, Access Staffing submitted invoices to plaintiff, which required payment upon receipt.

177.    Specifically, Access Staffing issued and submitted the following invoices to plaintiff in connection with staffing services rendered by Access Staffing for the benefit of plaintiff:

| Invoice No. | Invoice Date | Amount | Employee Name on Invoice |
|---|---|---|---|
| 316837 | 12/30/10 | $1,760 | Fernanda Chaves |
| 316838 | 12/30/10 | $2,380 | Fernanda Chaves |
| 318375 | 1/20/11 | $2,140 | Fernanda Chaves |
| 318376 | 1/20/11 | $4,040 | Fernanda Chaves |
| 318377 | 1/20/11 | $4,490 | Fernanda Chaves |
| 318378 | 1/20/11 | $1,293.75 | Christian Eckels |
| 318379 | 1/20/11 | $1,153.13 | Olga Ferreiro |
| 318380 | 1/20/11 | $1,181.25 | Lauren Harris |
| 318381 | 1/20/11 | $1,284.38 | Svetlana Kotly Yarenko |
| 318382 | 1/20/11 | $1,303.13 | Sabra Magulas |
| 318383 | 1/20/11 | $1,303.13 | Marla McClure |
| 318384 | 1/20/11 | $1,275 | Brian McGarghan |
| 318385 | 1/20/11 | $1,331.25 | Maia-Tene Rice |
| 318386 | 1/20/11 | $1,209.38 | Danielle Riley |
| 318387 | 1/20/11 | $1,284.38 | Daniel Strouhal |
| 318552 | 1/20/11 | $2,868.75 | Michael Nayda |
| 318553 | 1/27/11 | $2,868.75 | Benjamin Greif |

178.    Each of the foregoing invoices, together totaling $33,166.28, remains outstanding and unpaid as of the date of this Answer and Counterclaims.  That amount is due and owing by plaintiff to defendant Access Staffing.

## FIRST COUNTERCLAIM

### (Breach of Contract)

179.    Defendant Access Staffing realleges and incorporates by reference paragraphs 176 through 178 as if set forth in full.

180.    At all material times relevant hereto, an agreement and understanding existed between defendant Access Staffing and plaintiff to the effect that Access Staffing would render

certain staffing services to plaintiff and invoice plaintiff for the services.  Plaintiff agreed to pay the Access Staffing invoices upon receipt.

181.    Defendant Access Staffing performed all of its obligations under its contract with plaintiff.  Notwithstanding Access Staffing's timely issuance of invoices to plaintiff, however, $33,166.28 remains due, owing and unpaid by plaintiff.

182.    By reason of the foregoing, Access Staffing has been damaged by plaintiff in an amount totaling $33,166.28, plus statutory interest.

## SECOND COUNTERCLAIM

### (Account Stated)

183.    Defendant Access Staffing realleges and incorporates by reference paragraphs 176 through 178 as if set forth in full.

184.    Plaintiff owes defendant Access Staffing the sum of $33,166.28 for certain staffing services rendered by Access Staffing to plaintiff, and for which Access Staffing invoiced plaintiff.

185.    Upon information and belief, plaintiff has not objected to the invoices sent by Access Staffing, but has failed to pay the same.

186.    By reason of the foregoing, the sum of $33,166.28, plus interest, is due and owing by plaintiff to Access Staffing.

## THIRD COUNTERCLAIM

### (Unjust Enrichment)

187.    Defendant Access Staffing realleges and incorporates by reference paragraphs 176 through 178 as if set forth in full.

188.    Defendant Access Staffing rendered certain staffing services on plaintiff's behalf.

189.     Upon information, plaintiff has benefited from the staffing services rendered by Access Staffing.

190.     Plaintiff has failed to pay Access Staffing for the staffing services it has rendered. As a result, plaintiff has been unjustly enriched in an amount to be determined at trial, but not less than $33,166.28.

## FOURTH COUNTERCLAIM

### (Quantum Meruit)

191.     Defendant Access Staffing realleges and incorporates by reference paragraphs 176 through 178 as if set forth in full.

192.     Defendant Access Staffing rendered certain staffing services on plaintiff's behalf.

193.     Plaintiff accepted those staffing services rendered on its behalf by Access Staffing.

194.     At all times relevant hereto, there was an expectation and understanding that Access Staffing would be paid for the staffing services it rendered to plaintiff.

195.     Plaintiff has failed to pay Access Staffing for the services it rendered and Access Staffing is entitled to the reasonable value of the services it provided to plaintiff.

**WHEREFORE**, defendants Access Staffing, LLC, Steve Weber and Michael Weinstein request:

(A)     Judgment dismissing the Complaint in its entirety, and awarding to the Access Staffing defendants the costs and disbursements of this action, including reasonable attorneys' fees;

(B)     Judgment on the First, Second, Third and Fourth Counterclaims asserted by defendant Access Staffing, in the amount of $33,168.28, plus statutory interest; and,

24

(C)     Such other, further and different relief as to the Court may seem just, proper and equitable in the premises.

Dated: New York, New York
       September 12, 2016

MOSES & SINGER LLP

By: _____/s/_____
       Henry J. Bergman
       Email:   hbergman@mosessinger.com
       Jason Canales
       Email:   jcanales@mosessinger.com
       405 Lexington Avenue
       New York, NY  10174
       Telephone: (212) 554-7800

                    -and-

NEWMAN & GREENBERG LLP

By: _____/s/_____
       Richard A. Greenberg
       Email: rgreenberg@newmangreenberg.com
       Steven Y. Yurowitz
       Email: syurowitz@newmandgreenberg.com
       William J. Dobie
       Email: bdobie@newmangreenberg.com
       950 Third Avenue
       New York, NY 10022
       Telephone: (212) 308-7900

       Attorneys for Defendants
       ACCESS STAFFING, LLC, STEVE
       WEBER, and MICHAEL WEINSTEIN

To:

All counsel by ECF

Defendant Glen Albanese by regular mail

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

NEEDHAM & COMPANY, LLC,                          :
                                                 :
                              Plaintiff,          :       Case No.: 15-CV-02487
                                                 :       (NRB)
               -against-                          :
                                                 :       **AFFIDAVIT OF SERVICE**
ACCESS STAFFING, LLC, STEVE WEBER, MICHAEL        :
WEINSTEIN, JOSEPH TURANO, and GLEN               :
ALBANESE,                                         :
                                                 :
                              Defendants.         :
------------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss.
COUNTY OF NEW YORK     )

         Howard Fiorella, being duly sworn, deposes and says:

         I am not a party to this action, am over 18 years of age and reside in Woodside, New

York.  On September 12, 2016, I served the following:  Answer.  Service was made upon:

                         Glen Albanese, #64877-050
                         FCI Fort Dix Satellite Camp
                         P.O. Box 2000
                         Joint Base MDL, NJ 08640

by sending a true copy of same into the custody of the U.S. Postal service for first class mail.

                                        _____
                                                Howard Fiorella

Sworn to before me this
12th day of September, 2016.

_____
       Notary Public

         MILANA KHANIMOVA
      Notary Public, State of New York
            No. 01KH6111414
         Qualified in Queens County
      Commission Expires June 14, 2020

                                    1